JANUARY TERM, 1881, Nos. 206, 207.          MARCH 1ST, 1882.

## Appeal of Jacob S. Livingood.

A guardian who invests his ward's money in real estate in his own name, and pays the interest regularly for the ward's support, is a debtor to the ward, and is not entitled to commissions on the payments.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Appeal of Jacob S. Livingood in the matter of the estate of Mary C. Ringler, from the decree of the Orphans' Court of *Berks County*, reducing his compensation as guardian, and confirming the report of the auditor upon his account.

October 6th, 1863, Livingood was appointed by the Court, guardian of the person and the estate of Mary C. Ringler, a minor child of Jerome Ringler, deceased.

The minor having reached fourteen years of age, selected as her guardian, June 30th, 1879, James K. Getz. Livingood filed an account August 22d, 1879, showing a balance due the estate of $1719.49, and claiming as compensation $400. The account was referred to C. H. Ruhl as auditor, who reported the facts substantially as follows :

The ward lived with her mother, who boarded, clothed and sent her to school, and the guardian had no care of her person, and had no trouble in that respect. Livingood was attorney for the heirs of Jerome Ringler, drew a petition in partition, and conducted the subsequent legal proceedings, for which he never received any compensation. The auditor allowed, as the proportion of the ward, for these services, $40. The guardian received of the ward's estate, altogether $4027.37, and had it in hand for fifteen years and nine months. The guardian did not invest this fund separately, gave it no earmark, but invested it in his own name in the purchase of real estate along with his individual funds. There were no profits realized by the guardian from the investment of this fund. There was no evidence to

show that the guardian speculated with this money for his own profit, or that he subjected it to the risk of any hazardous business or undertaking, and there was no evidence of bad faith in the investment or management of the fund. He paid the interest to the mother for the support and maintenance of the ward semi-annually. There was no evidence to show that he was guilty of negligence or tardiness in filing his account and making settlement.

The auditor found that the guardian having done his duty in all other things, the fact that he had invested the trust funds in his own name in the purchase of real estate, did not deprive him of commissions, and he allowed the compensation claimed.

To this finding the subsequently appointed guardian James K. Getz excepted.

The Court below, HAGENMAN, P. J., ordered and decreed as follows:

"Under all the circumstances in this case, two hundred dollars would be a fair compensation to the accountant for his risk and care of the estate. The simple fact that he retained the money in his own hands, charging himself with full interest, does not deprive him of the right to all compensation. The exception is sustained to the amount exceeding two hundred dollars, and the report thereupon confirmed."

From this decree Livingood appealed, assigning as errors that the Court erred in reducing the compensation and in confirming the report after reduction.

*Cyrus G. Derr*, for the appellant.
Wernle's Estate, 8 W. N. C., 239; McElhenny's Appeal, 46 Penna. St., 347; Huffer's Appeal, 2 Grant, 342.

*W. D. Horning*, for the appellee.
A guardian who mingles the trust fund with his own, and invests the same in his own name, sustains the relation of a borrower to his ward, and is not entitled to compensation while sustaining such relation: Farwell *v.* Steen, 46 Vermont R., 678.

The investment of trust funds in the trustee's business is such an improper discharge of the duties of the trust as not to entitle the trustee to commissions on the amount so invested, even though he be able to make good the amount: Sharpe's Estate, 2 Phila. R., 280; Landis *et al. v.* Scott, 8 Casey, 495.

Investment of trust funds in a trustee's individual name is always concealment: Norris's Appeal, 71 Penna. R., 106.

The use of trust funds for private purposes is such a mis-

[Appeal of Daniel Miller.]

management of the estate, as will entitle the parties in interest to demand security: Estate of Lilly Green, 3 Brewster, 427; McKennan *v.* McCahan, 2 Phila. R., 215.

MARCH 13TH, 1882.—PER CURIAM: The appellant used his ward's money and paid her the interest from time to time. He was her debtor, and it would be a very novel decision to allow him commissions upon his payments under such circumstances.

Decree affirmed and appeals dismissed at the costs of the appellant in each case.